UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-48-BRO (SP) | Date | February 4, 2015 |
|---|---|---|---|
| Title | CHARLES REGINALD COOKS v. LEROY BACA, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why IFP Status Should Not Be Revoked and Complaint Dismissed Under PLRA's Three Strikes Provision

On January 5, 2015, plaintiff Charles Reginald Cooks, a California prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not pay the required filing fee, but instead filed a Request to Proceed Without Prepayment of Filing Fees ("IFP Request"), which the court granted on January 9, 2015.

After further review, it appears that plaintiff's IFP request should not have been granted because plaintiff is prohibited from proceeding in forma pauperis ("IFP") under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"). The three strikes provision states: "In no event shall a prisoner bring a civil action . . . under this section [pertaining to proceedings in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

This court's records show that plaintiff has had at least four prior civil actions dismissed at the IFP stage by this court as frivolous or for failure to state a claim. *See* Nos. CV 11-8437-UA (SP), CV 12-387-UA (SP), CV 13-4364-UA (SP), CV 14-531-UA (SP); *see also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (IFP application denied on ground claim is frivolous, malicious, or fails to state a claim counts as a strike under § 1915(g)). As there is no indication plaintiff is under imminent danger of serious physical injury, it appears he may not proceed IFP due to his four prior "strikes."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-48-BRO (SP) | Date | February 4, 2015 |
|---|---|---|---|
| Title | CHARLES REGINALD COOKS v. LEROY BACA, et al. | | |

    The court will not revoke plaintiff's IFP status and dismiss the complaint, however, without first giving plaintiff an opportunity to respond.  Accordingly, within twenty-one (21) days of the date of this Order, that is, by **February 25, 2015**, plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why plaintiff's IFP status should not be revoked under the three strikes provision of the PLRA, and his complaint therefore dismissed for failure to pay the filing fee.  Plaintiff is cautioned that his failure to timely file a response to this Order to Show Cause will be deemed by the court as consent to the revocation of his IFP status and dismissal of this action.